Lewis E. Hudnell, III (CASBN 218736)
Email: lewis@colvinhudnell.com
**COLVIN HUDNELL LLP**
555 California Street, Suite 4925
San Francisco CA  94104
Telephone: 415-659-1866
Facsimile: 347.772.3034

Winston O. Huff (admitted *pro hac vice*)
whuff@huffip.com
Deborah Jagai (admitted *pro hac vice*)
djagai@huffip.com
**W. O. HUFF & ASSOCIATES, PLLC**
302 Market Street, Suite 450
Dallas, TX  75202
Telephone:  214.749.1220
Facsimile:  469.206.2173

**ATTORNEYS FOR PLAINTIFF
TOUCHSCREEN GESTURES LLC**

Renzo N. Rocchegiani
rrocchegiani@mckennalong.com
**McKENNA LONG  & ALDRIDGE LLP**
4435 Eastgate Mall Suite 400
San Diego, CA 92121
Telephone: 202.496.7887
Facsimile: 202.496.7756

**ATTORNEYS FOR DEFENDANTS
LG ELECTRONICS, INC. AND
LG ELECTRONICS MOBILECOMM
U.S.A., INC.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| TOUCHSCREEN GESTURES  LLC,                 ) | No. 3:13-cv-03442-WHA |
| Plaintiff,                                                    ) | |
| v.                                                              ) | **STIPULATION AND PROPOSED ORDER REGARDING ELECTRONIC DISCOVERY** |
| LG ELECTRONICS INC., *et al.,*                 ) | |
| Defendants.                                           ) | |

WHEREAS, pursuant to the Court's Notice Scheduling Initial Case Management

1  Conference (Dkt. No. 38) and the parties' Joint Case Management Conference Statement, the
2  parties have met and conferred and agreed upon a proposed order regarding electronic discovery
3  in the above-captioned cases;

4       IT IS HEREBY STIPULATED by and between counsel for the parties that, subject to the
5  Court's approval, the attached [Proposed] Order Regarding Electronic Discovery shall govern
6  electronic discovery in these actions.

Dated:  October 10, 2013         Respectfully submitted,

By: */s/ Winston O. Huff*
Lewis E. Hudnell, III (CASBN 218736)
Email:  lewis@colvinhudnell.com
**COLVIN HUDNELL LLP**
555 California Street, Suite 4925
San Francisco CA  94104
Telephone: 415-659-1866
Facsimile: 347.772.3034

Winston O. Huff (admitted *pro hac vice*)
whuff@huffip.com
Deborah Jagai (admitted *pro hac vice*)
djagai@huffip.com
**W. O. HUFF & ASSOCIATES, PLLC**
302 Market Street, Suite 450
Dallas, Texas  75202
Telephone: 415-659-1866
Facsimile:  469.206.2173

**ATTORNEYS FOR PLAINTIFF
TOUCHSCREEN GESTURES LLC**

By: */s/ Renzo N. Rocchegiani*  (by permission)
Renzo N. Rocchegiani
rrocchegiani@mckennalong.com
**McKENNA LONG  & ALDRIDGE LLP**
4435 Eastgate Mall Suite 400
San Diego, CA 92121
Telephone: 202.496.7887
Facsimile: 202.496.7756

**ATTORNEYS FOR DEFENDANTS
LG ELECTRONICS, INC. AND
LG ELECTRONICS MOBILECOMM
U.S.A., INC.**

## ATTESTATION OF E-FILER

In compliance with Local Rule 5-1(i), the undersigned ECF user whose identification and password are being used to file this document, hereby attests that all signatories have concurred in the filing of this document.

*/s/ Winston O. Huff*
Winston O. Huff

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of October, 2013, the foregoing document was filed with the Clerk of the U. S. District Court for the Northern District of California, in compliance with Civil L. R. 5-1 and using the court's electronic case filing system (ECF), in compliance with Civil L. R. 5-5.

*/s/ Winston O. Huff*
Winston O. Huff

# [~~PROPOSED~~] ORDER REGARDING ELECTRONIC DISCOVERY

The Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. This Order may be modified for good cause.[1]

2. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, if the parties produce emails, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email") or custodial ESI, except with respect to documents described in Paragraph 7 below. As used herein, "custodial ESI" refers to ESI that is in the possession of an individual custodian, rather than in central repositories. To obtain email or custodial ESI beyond the documents described in Paragraph 8 below, the parties must propound specific email or custodial ESI production requests.

6. Email or custodial ESI production requests, if any, shall only be propounded for specific issues, rather than general discovery of a product or business.

7. Email or custodial ESI production requests, if any, shall be phased to occur after the parties have exchanged and reviewed (1) initial disclosures and disclosures as required by the

---

[1] All limitations in this Order apply to Defendant Groups rather than to individual corporate entities, regardless of whether that is expressly stated elsewhere.

1  Patent Local Rules Order and Discovery Order in this case; (2) basic documentation about the
2  Patents-in-Suit, the prior art, the design, development, operation, and marketing of the accused
3  functionalities, and the relevant finances; and (3) documents about prior knowledge,
4  communications, discussion with or between the parties, and documents relating to the Patents-
5  in-Suit. While this provision does not require the production of such information, the Court
6  encourages prompt and early production of this information to promote efficient and economical
7  streamlining of the case.

8      8.    Following the production of documents in Paragraph 7 above, parties may serve
9  email or custodial ESI production requests. Such requests, if any, shall identify the custodian,
10 search terms, and time frame. The parties shall cooperate to identify the proper custodians,
11 proper search terms and proper timeframe.

12     9.    Each requesting party shall limit its email or custodial ESI production requests, if
13 any, to a total of seven custodians per producing party for all such requests. The parties may
14 jointly agree to modify this limit without the Court's leave. The Court shall consider contested
15 requests for up to five additional custodians per producing party, upon showing a distinct need
16 based on the size, complexity, and issues of this specific case. Should a party serve email or
17 custodial ESI production requests for additional custodians beyond the limits agreed to by the
18 parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all
19 reasonable costs caused by such additional discovery.

20     10.    Each requesting party shall limit its email or custodial ESI production requests, if
21 any, to a total of seven search terms per custodian per party. The parties may jointly agree to
22 modify this limit without the Court's leave. The Court shall consider contested requests for up
23 to five additional search terms per custodian, upon showing a distinct need based on the size,
24 complexity, and issues of this specific case. The search terms shall be narrowly tailored to
25 particular issues. Indiscriminate terms, such as the producing company's name or its product
26 name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce
27 the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*,
28 "computer" and "system") narrows the search and shall count as a single search term. A

disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email or custodial ESI production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

12. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

13. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

14. Production of ESI in accordance with this Order excludes data that is not reasonably accessible because of undue burden or cost (*e.g.*, backup tapes intended for disaster-recovery purposes; legacy data leftover from obsolete systems that cannot be retrieved on the successor systems; deleted data remaining in fragmented form that requires some type of forensic inspection to restore and retrieve it).

15. Notwithstanding any other provisions herein, metadata (as used herein to refer to electronically stored information about a document that does not appear on the face of the original document if emailed or printed), or any back-up materials (i.e., materials retained primarily for back-up or disaster recovery purposes) need not be searched or produced absent a Court order upon showing of good cause and neither the producing party nor the receiving party need deviate from any practice it normally follows with regard to preservation of such materials (e.g., regularly schedule deletion of voicemail, archiving electronic data without associated metadata, recycling of back-up tapes conducted in the ordinary course of a party's business

1  operation is permitted), except upon a showing of good cause. The following locations will not
2  be searched under any circumstances, and as such need not be preserved, absent a Court order
3  upon showing of good cause: personal digital assistants; mobile phones; voicemail and other
4  audio systems; instant messaging logs; video; residual, fragmented, damaged, permanently
5  deleted, and/or unallocated data; automated disaster recovery backup systems; and/or materials
6  retained in tape, disks (including floppy disk and optical disk), SAN, or similar formats primarily
7  for back-up or disaster recovery purposes, as well as archives stored on computer servers,
8  external hard drives, thumb drives, notebooks, or personal computer hard drives that are created
9  for disaster recovery purposes or not used as reference materials in the ordinary course of a
10 party's business operations. In addition, the parties agree that with respect to documents that
11 automatically "autosave," only the most recent version of such documents need be searched.

12      16.    The producing party need not employ forensic data collection or tracking methods
13 and technologies, but instead may make electronic copies for collection and processing purposes
14 using widely-accepted methods or methods described in manufacturers' and/or programmers'
15 instructions, help menus, websites, and the like (e.g., .pst's, .zip's, etc.), except when and to the
16 extent there is good cause to believe specific, material concerns about authenticity exist with
17 respect to specific documents and materials. If receiving party believes that there is such good
18 cause, then the producing party and the receiving party shall meet and confer in good faith to
19 determine the extent to which forensic and other data associated with the specific documents and
20 materials should be produced.

22 IT IS SO ORDERED.

24 Dated:  October 15, 2013.

25                                           Honorable William H. Alsup